

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,030-01

**EX PARTE JOSE LUIS BAUTISTA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1341277-A IN THE 180TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of attempted tampering with governmental record and sentenced to imprisonment for 90 days in county jail.

Applicant contends that his guilty plea was involuntary based on ineffective assistance of counsel for failing to advise Applicant as to the immigration consequences of his guilty plea. Based on the record, the trial court has determined that Applicant's plea was involuntary because trial counsel's affidavit, when read in conjunction with the Immigration Admonishments, does not give

the effect of a clear and intelligible explanation of the immigration consequences.

This Court has made an independent review of the record, and this Court disagrees with the trial court that the record shows trial counsel failed to properly advise Applicant of the immigration consequences of his plea. *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Reed*, 271 S.W.3d 698, 733 (Tex. Crim. App. 2008). Therefore, we deny relief.

Filed: June 30, 2021
Do not publish